Filed 1/27/21  P. v. Wilson CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B300613 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. BA061488 |
| MICHAEL WILSON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Michael Garcia, Judge.  Affirmed.

Adrian K. Panton, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Paul M. Roadarmel, Jr., and William N. Frank, Deputy Attorneys General, for Plaintiff and Respondent.

Michael Wilson appeals from the superior court's order denying his petition under Penal Code section 1170.95.[1] That statute allows certain defendants convicted of murder under the felony-murder rule or the natural and probable consequences doctrine—and who were not the actual killer—to petition the court to vacate their convictions and for resentencing. Because Wilson was the actual killer, the superior court summarily denied his petition without appointing counsel. On appeal, Wilson does not dispute the court's conclusion that he was the actual killer. Rather he challenges the procedure by which the court reviewed and resolved his petition. We agree with the superior court that, as the actual killer, Wilson is ineligible for resentencing as a matter of law. We therefore affirm.

**FACTS AND PROCEDURAL BACKGROUND**

In his opening brief, Wilson summarizes the facts, taken from the probation officer's presentence report. According to eyewitnesses, around 2:30 a.m. on July 14, 1992, Wilson—holding a large-caliber silver automatic pistol—"confronted" Stephanie Byrd. Byrd began to run away. Wilson yelled at her: "Bitch! Why you running around telling everyone I stole your chains." Byrd fell to the ground. Wilson approached Byrd, stood over her, and fired "multiple gunshot[s]." Byrd was "rushed by ambulance" to the hospital where she was pronounced dead at 2:50 a.m. from "multiple gunshot wounds to the upper part of her torso and head." Later that morning, officers saw Wilson dressed in attire witnesses had described (a green fatigue jacket and green fatigue pants) and arrested him. Wilson had a

---

[1]     References to statutes are to the Penal Code.

2

10-millimeter semiautomatic pistol in his waistband. Ten-millimeter ammunition in the pistol matched expended casings at the scene of the shooting.

The People charged Wilson with Byrd's murder. The People alleged Wilson personally used a firearm in the commission of the crime under then-applicable section 12022.5, subdivision (a).[2] In October 1993, a jury found Wilson guilty of the first degree murder of Byrd and found the gun allegation true. At the conclusion of a court trial, the court found true the People's allegation that Wilson had suffered a prior conviction for robbery with a gun. The trial court sentenced Wilson to 35 years to life in the state prison, consisting of 25 years to life for the murder plus five years for the firearm use plus five years for the serious felony prior. In January 1996, this court affirmed Wilson's conviction. (*People v. Wilson* (Jan. 26, 1996, B082207) [nonpub. opn.].)

After Senate Bill No. 1437 (Stats. 2018, ch. 1015, § 4) (SB 1437) took effect, Wilson filed on February 25, 2019 a petition for resentencing under section 1170.95. Using a downloadable form, Wilson checked boxes 1, 2a, 4, 7, and 8. Wilson did not check box 3, which states, "I could not now be convicted of 1st or 2nd degree murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019." Nor did he check box 5 or any of its subboxes, including the box that states, "I was not the actual killer."[3]

---

[2] The People also alleged Wilson killed Byrd to prevent her from testifying as a witness within the meaning of section 190.2, subdivision (a)(10). The jury found that allegation not true.

[3] Box 1 states an information "was filed against me that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences

On April 16, 2019 the court set a review date for April 26. On April 26, the court granted the prosecution's request for an extension of time to file a response to July 1, 2019.[4]  The court also issued an order appointing the Office of the Public Defender to represent Wilson.

On July 1, 2019, the court issued a minute order denying the petition.  The docket notes Wilson was "not present in court, and not represented by counsel."  The order states, "In chambers, off the record:  The court has read and considered the petition for resentencing pursuant to Penal Code section 1170.95(a).  Based on the evidence of the case, the court finds the petitioner was the sole shooter in the murder conviction; therefore, the petition is denied."

## DISCUSSION

SB 1437 " 'amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer . . . .' " (*People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411, 417, quoting Stats. 2018, ch. 1015, § 1, subd. (f); see Pen. Code, § 189, subd. (e)(1).)

---

doctrine."  Box 2a states, "At trial, I was convicted of 1st or 2nd degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine."  Box 4 asks the court to appoint counsel.  Box 7 states, "There has been a prior determination by a court or jury that I was not a major participant and/or did not act with reckless indifference to human life under Penal Code § 190.2(d)."  Box 8 concerns service of the petition.

[4]      The record on appeal does not contain the prosecution's request for an extension of time, nor any response the prosecution may have filed to Wilson's petition.

4

Concurrently with his respondent's brief, the Attorney General asked us "to take judicial notice of the record in case number B082207," Wilson's direct appeal. That appeal was decided more than 23 years before Wilson filed his petition, and our record in that appeal no longer exists. In response to a court order, the Attorney General filed a supplemental request for judicial notice, attaching the preliminary hearing transcript, the information and an amendment to it, parts of the trial transcript (including the court's instructions to the jury and counsel's closing arguments), dockets of the verdicts and sentencing, the abstract of judgment, and our 1996 opinion in Wilson's direct appeal.

Wilson agrees three pages of the court records—superior court docket entries reflecting the verdicts and sentencing, and the abstract of judgment—are proper subjects of judicial notice. Wilson otherwise objects to judicial notice of the nearly 400 pages attached to the Attorney General's request, including notice of our 1996 opinion affirming Wilson's conviction. Wilson contends "there is no indication in the appellate record" that the trial court considered our opinion or "any other materials in this court's file in B082207."

A number of appellate courts have held a court considering a resentencing petition properly may "examine readily available portions of the record of conviction to determine whether a prima facie showing has been made that the petitioner falls within the provisions of section 1170.95." (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 323-324, 329-330 (*Verdugo*) [record of conviction includes complaint or information, verdict form, abstract of judgment, and jury instructions], review granted Mar. 18, 2020, S260493; *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1137-1139 (*Lewis*) [record of conviction includes court of appeal's opinion on direct appeal], review granted, Mar. 18, 2020, S260598; *People v. Edwards* (2020) 48 Cal.App.5th 666, 671, 674-

5

675 (*Edwards*) [same], review granted July 8, 2020, S262481; *People v. Tarkington* (2020) 49 Cal.App.5th 892, 899 (*Tarkington*) [jury instructions as well as opinion on direct appeal are part of record of conviction], review granted, Aug. 12, 2020, S263219; *People v. Perez* (2020) 54 Cal.App.5th 896, 904-905 [preliminary hearing transcript is part of record of conviction], review granted Dec. 9, 2020, S265254.)

Some courts also have held section 1170.95 does not require the court to appoint counsel before it determines whether a petitioner has made a prima facie showing that he falls within the provisions of the statute. When a court—making all factual inferences in favor of the petitioner—concludes the petitioner is ineligible for relief as a matter of law, it may summarily deny the petition without appointing counsel. (*Verdugo*, *supra*, 44 Cal.App.5th at pp. 327-333; *Lewis*, *supra*, 43 Cal.App.5th at pp. 1139-1140; *Tarkington*, *supra*, 49 Cal.App.5th at pp. 899-902; *People v. Roldan* (2020) 56 Cal.App.5th 997, review granted Jan. 20, 2021, S266031; *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58 (*Cornelius*), review granted Mar. 18, 2020, S260410; but see *People v. Cooper* (2020) 54 Cal.App.5th 106, 109 [right to counsel attaches upon filing of facially sufficient petition that alleges entitlement to relief], review granted Nov. 10, 2020, S264684.)[5]

These issues are before our Supreme Court, which has granted review in *Lewis*, designating as the issues: "(1) May

---

[5] Although Wilson filed his opening brief three months after *Verdugo* and *Cornelius* were decided, he did not cite either of those decisions. He cited *Lewis* in a footnote only to note the Supreme Court's grant of review. In his reply brief, Wilson argues all three of those cases—as well as *Edwards* and *Tarkington*—"were wrongly decided."

superior courts consider the record of conviction in determining whether a defendant has made a prima facie showing of eligibility for relief under Penal Code section 1170.95?  (2) When does the right to appointed counsel arise under Penal Code section 1170.95, subdivision (c)?"  (*Lewis*, *supra*, S260598.)

The superior court's order denying Wilson's petition does not specify what portions of the record it read and relied on. The court stated only that, "[b]ased on the evidence of the case," it found Wilson "was the sole shooter."  "To facilitate appellate review and ensure a clear record, a court ruling on a section 1170.95 petition should indicate on the record, and in its order or in a minute order, what materials it reviewed and relied upon to make its eligibility finding."  (*Tarkington*, *supra*, 49 Cal.App.5th at p. 910.)  This omission, however, does not require reversal of the trial court's order.

The Attorney General contends Wilson's jury was not instructed on either the felony murder rule or the natural and probable consequences doctrine for accomplice liability.[6] The Attorney General also quotes at length from our opinion in Wilson's direct appeal, in which we summarized the evidence that Wilson was the person who shot Byrd.  As noted, Wilson

---

[6]    The Attorney General notes the jury was instructed on implied malice, apparently referring to CALJIC No. 8.11.  That instruction states malice is implied when the killing resulted from an intentional act, "[t]he natural consequences of the act are dangerous to human life," and "[t]he act was deliberately performed with knowledge of the danger to, and with conscious disregard for, human life."  This reference to "natural consequences" as used in the definition of implied malice is not the same as the natural and probable consequences doctrine. (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1056-1058, review granted Sept. 23, 2020, S263939.)

7

objects to the Attorney General's request for judicial notice of these documents, arguing it's unclear if the trial court read or relied on them.

But we don't need the jury instructions or our earlier opinion to decide this appeal. Wilson's own statement of facts in his opening brief summarizes the facts in the probation officer's report. That report *is* part of the record on appeal. (Cf. *People v. Hall* (2019) 39 Cal.App.5th 831, 837 [hearsay in probation report admissible to determine Proposition 47 eligibility].) Wilson's own brief states eyewitnesses testified Wilson was holding a large automatic pistol, he "approached Byrd"—who had tripped and fallen—"and fired several shots at her," and the cause of Byrd's death was " 'multiple gunshot wounds.' "[7]

Because Wilson was the actual killer, he is ineligible for resentencing under SB 1437 as a matter of law. Moreover, (1) Wilson's brief, (2) the probation report, and (3) the docket entries for the verdict and sentencing all reflect the jury's true finding on the allegation that Wilson personally used a firearm in the commission of the crime within the meaning of section 12022.5, subdivision (a). (See *Tarkington, supra*, 49 Cal.App.5th at pp. 895-896, 899 [as actual killer, petitioner is not entitled to resentencing]; *People v. Gallo* (2020) 57 Cal.App.5th 594; *People v. Daniel* (2020) 57 Cal.App.5th 666 [trial court's failure to appoint counsel for petitioner was harmless because petitioner was actual killer]; *Cornelius, supra*, 44 Cal.App.5th at pp. 57-58 [jury's true finding on firearm

---

[7] Accordingly, we grant the Attorney General's request for judicial notice of the docket entries for October 28, 1993 (verdicts) and December 1, 1993 (priors trial and sentencing) and of the abstract of judgment. We otherwise deny the request for judicial notice as unnecessary to our decision.

allegation constitutes implicit finding that petitioner was the actual killer and thus "indisputably ineligible for relief"]; cf. *Edwards*, *supra*, 48 Cal.App.5th at p. 671 [based on review of record of conviction and appellate opinion on direct appeal, trial court found petitioner's conviction was based on him being the killer].)

## DISPOSITION

We affirm the superior court's order denying Michael Wilson's petition to vacate his murder conviction and for resentencing under section 1170.95.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EGERTON, J.

We concur:

LAVIN, Acting P. J.

DHANIDINA, J.

9